909 F.2d 1483
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald LEE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-6431.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1990.
 
 Before KEITH, KRUPANSKY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Petitioner, Donald Lee, appeals an order of the district court which denied his motion to vacate, set aside, or reduce sentence filed pursuant to 28 U.S.C. Sec. 2255. He now moves for bail. The appeal and motion for bail have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record, briefs and petitioner's motion for bail, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner is presently held in custody pursuant to the order of the United States District Court for the Southern District of Illinois entered January 5, 1989, revoking his probation and sentencing him to a term of three years imprisonment. Petitioner was previously sentenced in the United States District Court for the Eastern District of Tennessee on May 3, 1983, following his guilty plea to Interstate Transportation of a Female for Prostitution in violation of 18 U.S.C. Sec. 2421 (Counts 2, 4 and 7), and Interstate Transportation to Promote Unlawful Activity, to wit: Bribery of a Police Officer, in violation of 18 U.S.C. Sec. 1952(a)(3) (Count 9). Pursuant to the terms of his plea agreement, petitioner was sentenced to concurrent prison terms totalling five years on Counts 2, 4, and 7, and a consecutive probation term of five years on Count 9.
 
 
 3
 In support of his motion to vacate sentence, petitioner alleged: (1) that his guilty plea was unknowingly and unintelligently entered into; (2) that his guilty plea was coerced; (3) that his presentence report contained prejudicial errors; (4) that his sentence to a period of probation is barred by 18 U.S.C. Sec. 3561; (5) that he was denied effective assistance of counsel at his plea proceedings; (6) that the trial judge was biased; and (7) that his sentence of probation on Count 9 to run consecutively with the sentences on the other three counts violated the ban on multiple punishments. The district court denied the motion to vacate after finding that petitioner's claims lacked merit.
 
 
 4
 Upon review, we conclude that the decision of the district court was correct. We further conclude that petitioner has not established a claim for ineffective assistance of counsel that would entitle him to relief under Sec. 2255. Petitioner has not demonstrated in any way that the advice received by his counsel was not within the range of competence demanded of attorneys in criminal cases. See Hill v. Lockhart, 474 U.S. 52, 59 (1985).
 
 
 5
 Accordingly, we hereby affirm the judgment entered October 24, 1989, for the reasons stated by the district court and for the reasons stated above. Rule 9(b)(5), Rules of the Sixth Circuit. The motion for bail is hereby denied.